IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LLOYD R. TRACKWELL, | ) |
| Plaintiff, | ) 8:04cv402 |
| vs. | ) MEMORANDUM AND ORDER |
| DAVID DOMINA, et al., | ) |
| Defendants. | ) |

This matter is before the court on filing nos. 12 and 14, the Motions to Dismiss filed by the defendants, David Domina, Craig Howell and Domina Law P.C., attorneys in Omaha, Nebraska, who served as defense counsel for the plaintiff in criminal proceedings during 2000 and 2001. The plaintiff, Lloyd R. Trackwell, currently a resident of Missouri, alleges claims of professional negligence by his attorneys in connection with the criminal proceedings. Jurisdiction is founded on diversity of citizenship, see 28 U.S.C. § 1332.

### Statute of Limitations

In ¶ 13 of his complaint, the plaintiff seeks relief for negligent conduct by the defendants during a specified period, i.e., August 12, 2000 through February 1, 2001. The conduct to which the plaintiff objects occurred during criminal proceedings against the plaintiff in the District Court for Lancaster County, Nebraska. In those proceedings, the jury returned a verdict against the plaintiff on January 12, 2001, and the district court sentenced the plaintiff on September 5, 2001. The plaintiff proceeded pro se on direct appeal. See State v. Trackwell, 2003 WL 22231883 (Neb. App. Sep 30, 2003) (NO. A-01-1174), review overruled (Feb 19, 2004). According to the plaintiff's complaint, February 1, 2001 constituted the last date of the negligent conduct allegedly committed by the defendants. However, construing the complaint liberally, the period of allegedly negligent conduct could have extended through the sentencing proceeding on September 5, 2001. In any event, the plaintiff did not file his complaint in the above-entitled case until April 25, 2004, which was 963 days, or 2.63 years after any conduct by the defendants which could have given rise to the plaintiff's claim of professional negligence.

The defendants move for dismissal of the plaintiff's complaint on the basis of the two-year statute of limitations established by Neb. Rev. Stat. § 25-222 for claims of professional negligence. Neb. Rev. Stat. § 25-222 states:

> Any action to recover damages based on alleged professional negligence or upon alleged breach of warranty in rendering or failure to render professional services shall be commenced within two years next after

1

the alleged act or omission in rendering or failure to render professional services providing the basis for such action; PROVIDED, if the cause of action is not discovered and could not be reasonably discovered within such two-year period, then the action may be commenced within one year from the date of such discovery or from the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; AND PROVIDED FURTHER, that in no event may any action be commenced to recover damages for professional negligence or breach of warranty in rendering or failure to render professional services more than ten years after the date of rendering or failure to render such professional service which provides the basis for the cause of action.

After conviction of the criminal charges, the plaintiff served 915 days in prison. However, on September 30, 2003, the Nebraska Court of Appeals reversed the conviction because the trial court had erred by failing to instruct the jury on a lesser-included offense. See State v. Trackwell, 2003 WL 22231883 (Neb. App. Sep 30, 2003). Ultimately the prosecutor declined to retry the plaintiff. The plaintiff attributes his conviction to negligence by the defendants.

The plaintiff's claims of legal malpractice accrued in 2000 and 2001 during the defendants' representation of the plaintiff in the criminal trial. See generally Seevers v. Potter, 537 N.W.2d 505 (Neb. 1995): "[T]he statute of limitations on professional negligence claims begins to run upon the occurrence of the alleged act of negligence. Id. at 509. "In other words, the statute of limitations begins running upon the occurrence of the professional negligence alleged, not when the plaintiff realizes the damage caused by the negligence." Id. at 511.

Under Nebraska law, the "occurrence rule" is the usual rule for accrual of a cause of action. "An action accrues and the statutory time within which the action must be filed begins to run when the injured party has the right to institute and maintain a lawsuit, although the party may not know the nature and extent of the damages." Hoeft v. Five Points Bank, 539 N.W.2d 637, 645 (Neb. 1995), *citing* Association of Commonwealth Claimants v. Moylan, 517 N.W.2d 94 (Neb. 1994). See also Hroch v. Farmland Industries, Inc., 548 N.W.2d 367, 371 (Neb. App. 1996) *quoting* Grand Island School Dist. # 2 v. Celotex Corp., 279 N.W.2d 603, 606 (Neb. 1979):

> The traditional rule is that the statute begins to run as soon as the action accrues, and the cause is said to accrue when the aggrieved party has the right to institute and maintain a suit. In a contract action this means as soon as breach occurs, and in tort, as soon as the act or omission occurs. These rules would apply even though the plaintiff was then ignorant of the injury sustained or could not ascertain the amount of his damages.

Therefore, "[i]n order to put the defense attorney on notice that he will have to defend against a malpractice claim, and thereby honor the policies underlying the statute

of limitations, the criminal defendant must file his malpractice complaint within six months of discovering the existence of the claim, or within two years of his attorney's last day of service in the matter in which the alleged negligence occurred." Seevers v. Potter, 537 N.W.2d at 511. The plaintiff filed his complaint in this case on August 25, 2004, well beyond the two-year deadline.

### Tolling Statute

Nebraska's tolling statute, Neb. Rev. Stat. § 25-213, tolls the statute of limitations for the period of certain legal disabilities, such as imprisonment. However, the Nebraska courts have interpreted section 25-213 to mean that imprisonment does not by itself toll the limitations period; rather some disability traceable to imprisonment is also required. See, e.g., Gordon v. Connell, 545 N.W.2d 722, 726 (Neb. 1996): "[T]his court has previously held that a showing of a recognizable legal disability, **separate from the mere fact of imprisonment**, which prevents a person from protecting his or her rights is required to entitle a prisoner to have the statute of limitations tolled during imprisonment." (Emphasis added.) In the present case, as in Gordon v. Connell, the plaintiff "does not demonstrate any legal disability separate from the mere fact of his imprisonment. Under our previous holdings, this is insufficient to toll the statute of limitations." Id. at 727. See also Seevers v. Potter, 537 N.W.2d at 511: "The fact that the plaintiff is imprisoned subsequent to his or her conviction does not affect the plaintiff's ability to reasonably recognize that he or she might have a viable claim for legal malpractice against his or her criminal trial counsel."

### Innocence

As the defendants point out, the plaintiff has also omitted an essential element of his claim. A person convicted of a criminal offense who files a legal malpractice claim against the attorney who defended him in the criminal proceedings must plead and prove actual innocence of the offense of conviction. See Rodriguez v. Nielsen, 609 N.W.2d 368, 374-375 (Neb. 2000):

> We believe that it is the illegal conduct of a convicted criminal who files a malpractice claim, rather than any subsequent negligence of counsel, that is the cause in fact of any injuries flowing from the conviction. **We therefore hold that a convicted criminal who files a legal malpractice claim against his or her defense counsel must allege and prove that he or she is innocent of the underlying crime**. This requirement is in addition to the ordinary causation element for legal malpractice. Thus, such person must plead and prove the following: (1) the attorney's employment, (2) the attorney's neglect of a reasonable duty, (3) that such negligence resulted in and was the proximate cause of loss (damages) to the client, and (4) innocence ... of the underlying crime with which the plaintiff was charged.

(Emphasis added.) The fact that an appellate court set aside the plaintiff's conviction

3

because of an error in the jury instructions does not equate to actual innocence.

### Equal Protection and Due Process

The plaintiff contends that the law of Nebraska discussed above violates the Equal Protection and Due Process Clauses of the United States Constitution. However, Neb. Rev. Stat. § 25-222 applies equally to all litigants, and no equal protection principles are implicated. The plaintiff complains of the hardship suffered by an incarcerated civil litigant who must "diagnose his own legal malpractice problem" (filing no. 25) and take action on the claim perhaps before criminal and postconviction proceedings have concluded. Hypothetically, some litigants may face the dilemma of overlapping criminal and civil proceedings. However, in this case, the plaintiff did not. Having learned by no later than September 30, 2003 that he had prevailed on appeal from his conviction, the plaintiff nevertheless waited almost another year before filing this lawsuit. No denial of due process is apparent from those facts.

Finally, in his opposition to summary judgment (filing no. 25), the plaintiff refers to facts which he contends will warrant equitable tolling of the statute of limitations, and he expresses intent to amend his pleadings to recount those factual allegations in greater detail. However, the facts alleged by the plaintiff, even if presented in greater detail, provide no ground for equitable tolling of the filing requirements.

THEREFORE, IT IS ORDERED:

1. That filing nos. 12 and 14, the defendants' Motions to Dismiss, are granted;

2. That the plaintiff's complaint and this action are dismissed as untimely; and

3. That a separate judgment will be entered accordingly.

DATED this 8th day of June, 2005.

BY THE COURT:

s/ Joseph F. Bataillon  
JOSEPH F. BATAILLON  
Chief District Judge